UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NAVEED AFZAL HAQ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES R. KEY, "JOHN" CLUEVER, "JANE" DOUGLAS and C/O JOHN DOE,<br><br>　　　　　　Defendants. | NO: 2:20-CV-0265-TOR<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, STRIKING MOTION FOR PRELIMINARY INJUNCTION, DENYING MOTION TO AMEND COMPLAINT AS MOOT, GRANTING MOTION TO WITHDRAW MOTION FOR PRELIMINARY INJUNCTION AND DENYING MOTION TO STAY |

BEFORE THE COURT are Plaintiff Naveed Afzal HaQ's *pro se* Motion for Appointment of Counsel filed on July 31, 2020, ECF No. 7, a construed Motion for Preliminary Injunction, titled, "Order to Show Cause for a Preliminary Injunction and a Temporary Restraning Order from Naveed Afzal HaQ," filed on July 31, 2020, ECF No. 8, a Motion to Amend Complaint filed on August 4, 2020, ECF No. 10, a proposed amended complaint, ECF No. 11, a construed Motion to Withdraw Motion for Preliminary Injunction, titled, "Motion to Cancel motion to show cause for

ORDER ON PENDING MOTIONS --1

Temporary Restraining Order or Preliminary Injunction," ECF No. 12, and a construed Motion to Stay, titled, "Motion to delay Federal Action Until administrative procedures completed," ECF No. 13. The Motions were considered without oral argument on the date signed below.

## MOTION FOR APPOINTMENT OF COUNSEL

This Court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Determining whether exceptional circumstances exist requires evaluating Plaintiff's "likelihood of success on the merits" and "ability . . . to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff asserts that he is unable to afford counsel and his imprisonment will limit his ability to litigate the complex issues of his case. ECF No. 7 at 1. Plaintiff's circumstances are not unlike those of other incarcerated persons. At this time, Plaintiff has failed to demonstrate exceptional circumstances warranting the appointment of counsel. His motion will be denied.

//

//

## MOTIONS CONCERNING INJUNCTIVE RELIEF

ORDER ON PENDING MOTIONS -- 2

1  Along with his Complaint, Plaintiff filed an "Order to Show Cause for a
2  Preliminary Injunction and a Temporary Restraning Order from Naveed Afzal
3  HaQ," asking this Court to direct Defendants "John" Cluever and "Jane" Douglas,
4  the Classification Counselors in his unit to "show cause" why a preliminary
5  injunction should not be issued under Rule 65(a) of the Federal Rules of Civil
6  Procedure, ordering them to "quit violating [Plaintiff's First, Fifth and Fourteenth
7  Amendments and sabotaging [his] redress in [his] criminal case in an ongoing,
8  vicious way thus putting [Plaintiff's] life in grave peril." ECF No. 8 at 1. On August
9  4, 2020, Plaintiff filed a "Motion to Cancel Motion to Show Cause for Temporary
10 Restraining Order or Preliminary Injunction," stating that he has been moved to a
11 different unit and wishes to "cancel" his request for injunctive relief against the
12 Classification Counselors in his previous unit. ECF No. 12 at 1. For good cause
13 shown, the Court will grant the Motion to Withdraw Motion for Preliminary
14 Injunction, ECF No. 12, and strike the construed Motion for Preliminary Injunction,
15 ECF No. 8.

**MOTION TO AMEND COMPLAINT/MOTION TO STAY**

On August 4, 2020, Plaintiff filed a Motion to Amend Complaint, ECF No. 10, a proposed amended complaint, ECF No. 11, and a "Motion to delay Federal Action until Administrative procedures completed," construed as a Motion to Stay, ECF No. 13. By separate Order the Court has advised Plaintiff of the deficiencies

ORDER ON PENDING MOTIONS -- 3

of his initial complaint and directed him to amend or voluntarily dismiss within sixty (60) days.

After reviewing Plaintiff's submissions, the Court finds the proposed amended complaint fails to cure the deficiencies of the initial complaint. Therefore, the Court will deny Plaintiff's Motion to Amend, ECF No. 10, as moot. Plaintiff shall comply with the separate Order to Amend or Voluntarily Dismiss.

In that Order, the Court advised Plaintiff regarding the requirement that he exhaust available administrative remedies before the first time he submits his claims to the Court. *See Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Cano v. Taylor*, 739 F.3d 1214, 1220–21 (9th Cir. 2014). Because exhaustion must precede the filing of the complaint, and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action, *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002), Plaintiff's construed Motion to Stay, ECF No. 13, will be denied.

Accordingly, **IT IS HEREBY ORDERED:**

**1.** Plaintiff's Motion for Appointment of Counsel, ECF No. 7, is **DENIED.**

**2.** Plaintiff's construed Motion to Withdraw Motion for Preliminary Injunction, ECF No. 12, is **GRANTED** and the construed Motion for Preliminary Injunction, ECF No. 8, is **STRICKEN.**

**3.** Plaintiff's Motion to Amend Complaint, ECF No. 10, is **DENIED as moot.**

4. Plaintiff's construed Motion to Stay, ECF No. 13, is **DENIED.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward a copy to Plaintiff.

**DATED** September 1, 2020.



THOMAS O. RICE
United States District Judge

ORDER ON PENDING MOTIONS --5